921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Wray LORD, Plaintiff-Appellant,
v.
Richard RILEY, Warren E. Isman, John Pennington, John E.
Granfield, Board of Supervisors, Fairfax County,
Defendants-Appellees,
and
Hetzer, Magistrate, Defendant.
 No. 89-1479.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1989.
Decided Dec. 26, 1990.
As Amended Jan. 23, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-88-1600-A)
 Gwendolyn M. Hickman, Falls Church, Va., for appellant.
 David T. Stitt, County Attorney, Robert Lyndon Howell, Senior Assistant County Attorney, Peter D. Andreoli, Jr., Assistant County Attorney, Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Linda Wray Lord appeals from the district court's entry of summary judgment in her action against the Board of Supervisors of Fairfax County, Virginia; John E. Granfield, Chief of the Fairfax County Police Department; Warren E. Isman, Chief of the Fairfax County Fire and Rescue Department; John Pennington, a Fairfax County police officer; and Richard Riley, a Fairfax County fire fighter. We affirm.
 
 
 2
 The scope of our review is identical to that of the court below. We therefore must affirm the district court's entry of summary judgment for the defendants if there is no genuine issue as to any material fact, viewing the evidence submitted by the parties in the light most favorable to Miss Lord. See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir.1987). This case arises from an incident that occurred in Fairfax County on April 6, 1986. On that date, Miss Lord, a manic-depressive who has been hospitalized for this disorder on several occasions, experienced a seizure while she was out walking. She went into a nearby restaurant and told a waitress that she was having a heart attack. A 911 call was placed and fire fighter Riley was dispatched with an ambulance to the scene.
 
 
 3
 When Riley arrived, Miss Lord attempted to climb on board the ambulance. The exact nature of the events that followed immediately are the subject of some disagreement. According to Miss Lord, Riley twice impeded her entry, attempted to "talk a little bit or discuss something" with her, and in the process elbowed her in the left breast. Riley, on the other hand, contends that Miss Lord would not respond to his questions as he sought to assess her condition, struck him in the left temple with her fist, and began "screaming and yelling at the top of her lungs and flailing her arms." There is no dispute that a call was made to the police and that Officer Pennington arrived upon the scene in response. Officer Pennington learned that Riley wished to pursue a complaint for criminal assault against Miss Lord. He then placed Miss Lord under arrest and drove her to the George Mason Police Station. Miss Lord was later charged with assault, but a nolle prosequi was subsequently entered.
 
 
 4
 Based upon these events, Miss Lord brought a three-count complaint. The first count consists of a 42 U.S.C. Sec. 1983 claim against all five defendants and raises allegations of improper arrest and inadequate medical treatment. We will first address the claims concerning the arrest of Miss Lord.
 
 
 5
 Miss Lord contends that Riley, the fire fighter, caused her to be illegally arrested by giving false information to Officer Pennington. The plaintiff rightly concedes that the mere fact that Riley was a public employee does not satisfy section 1983's requirement that he be shown to have acted under color of state law, for the Supreme Court has stated that "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). In the present case, Riley was exercising no greater power than that available to any other citizen when he provided information to the police and pursued a criminal complaint. Such actions are those of a private person not acting under color of state law. Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir.1988); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983); Johnson v. Miller, 680 F.2d 39, 40-41 (7th Cir.1982).
 
 
 6
 It is true that an otherwise private action may come within the scope of section 1983 if it can be established that an individual acted jointly with agents of the state in a conspiracy or "meeting of the minds" to deprive the plaintiff of his or her civil rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970). Miss Lord has failed, however, to point to any evidence of a conspiracy, prearranged plan, or meeting of the minds between Riley and Officer Pennington. The plaintiff argues that the two decided to "help each other out" by fabricating "a pretext arrest in lieu of seeking proper medical treatment," but she has presented no support for this claim beyond this conclusory allegation. The depositions of Riley and Officer Pennington are barren of any suggestion of such an arrangement, and Miss Lord's deposition indicates that she has no personal knowledge of any conversations between Riley and Officer Pennington. Even assuming, as we must in considering this grant of summary judgment, that Miss Lord did not strike Riley and that Riley gave false information leading to the arrest of Miss Lord, the absence of any evidence tending to establish that Riley was acting under color of state law defeats this portion of the plaintiff's section 1983 claim.
 
 
 7
 The plaintiff next argues that Officer Pennington violated her constitutional rights by arresting her without probable cause or an arrest warrant based upon probable cause. We agree with the district court that Officer Pennington had the authority to arrest Miss Lord without a warrant for a misdemeanor not committed in his presence based upon the reasonable complaint of a person who did observe the alleged offense. Va.Code Ann. Sec. 19.2-81. The plaintiff has pointed to no evidence which should have led Officer Pennington to believe that Riley's complaint concerning Miss Lord was not reasonable. Therefore we affirm this portion of the district court's ruling.
 
 
 8
 Miss Lord also claims that her arrest was made pursuant to a policy of conducting pretext arrests of the mentally ill in lieu of providing them with medical attention. By her own admission, however, the only evidence that she has presented concerns the single incident on April 6, 1986. Such evidence cannot support a finding of a policy or custom attributable to the defendants. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).
 
 
 9
 We must consider Miss Lord's claims concerning medical treatment. As an initial matter, we recognize that there is no general constitutional or federal statutory right to the provision of medical treatment or services by the state. See Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030 (11th Cir.1987); cf. DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196-97 (1989). After arrest, as both sides concede, a prisoner may recover under section 1983 by showing acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). We can find no evidence which might support such a finding with regard to Officer Pennington. After lawfully arresting Miss Lord and taking her before a magistrate, Officer Pennington took her to the Fairfax County Adult Detention Center, where he advised the staff that she possibly had a mental problem and suggested that they be alert for possible symptoms thereof. These statements were made based upon his understanding that the Center had a medical and psychiatric staff to evaluate and treat prisoners with possible mental disorders. Although Miss Lord feels that she should have been transported to a different location for a different type of treatment, we agree with the district court that the record cannot support a finding of deliberate indifference.
 
 
 10
 The plaintiff also claims that Granfield, Isman, and the Board of Supervisors are liable under section 1983 for their failure to train their personnel concerning the proper treatment of the mentally ill. In support of this claim, she points to certain alleged acts and omissions on the part of Riley and Officer Pennington and attributes them, without further elaboration, to a deficiency in training. The Supreme Court, however, has observed that the mere fact that "adequately trained officers occasionally make mistakes" or that "a particular officer may be unsatisfactorily trained" will not suffice to establish that the training program itself was faulty. City of Canton v. Harris, 489 U.S. 378, 390-91 (1989). The defendants have presented evidence that they provided specific training on the problems of the mentally ill and those with seizures. The plaintiff has pointed to no evidence from which it could be concluded that the training program was so inadequate as to evidence a "deliberate indifference" to the rights of the inhabitants of Fairfax County. Canton, 489 U.S. at 388. We therefore affirm the district court's grant of summary judgment as to the plaintiff's section 1983 claim.
 
 
 11
 The second count and third counts of Miss Lord's complaint are pendent claims under Virginia law alleging that Riley and Officer Pennington committed the torts of false arrest and intentional infliction of emotional distress. With regard to Officer Pennington, we reiterate our conclusion that the record discloses that he had probable cause to arrest Miss Lord. We further find no evidence in the record from which it could be concluded that his conduct was "outrageous and intolerable in that it offends against the generally accepted standards of decency and morality." Womack v. Eldridge, 215 Va. 338 (1974). Officer Pennington merely conducted a lawful arrest and made sure that the staff of the Adult Detention Center was alerted to Miss Lord's potential needs. Indeed, Miss Lord herself states that he made her "feel more safe." We agree with the district court that Officer Pennington is entitled to summary judgment on the merits on the second and third counts.[1]
 
 
 12
 There are indeed factual disputes concerning the second and third counts as they apply to Riley. These disputes, however, do not make summary judgment improper because the record shows that both claims are time-barred. Under Virginia law, the statute of limitations for false arrest actions is one year. Va.Code Ann. Sec. 8.01-248. The incident giving rise to this action occurred on April 6, 1986, and the present action was filed almost two years later on April 5, 1988.[2] In addition, the statute of limitations for intentional infliction of emotional distress claims is two years. Va.Code Ann. Sec. 8.01-243. Miss Lord did not include this emotional distress claim in her complaint of April 5, 1988, but instead brought it in a second complaint filed in December 1988, well after the two year period had expired. Both claims are therefore time-barred.
 
 
 13
 The plaintiff argues that the running of the statute was tolled on both claims by reason of Miss Lord's mental condition between June 1986 and February 1988. She does not claim to have been adjudged mentally incapable by a court at any time, but instead points to two letters from her personal psychiatrist, Dr. Sarnes. These letters state that on July 18, 1988, Miss Lord was "currently" suffering from depression and could not assist her counsel in preparing legal action. While one of the letters states that Miss Lord's condition had been "festering" for some time, we note that Dr. Sarnes makes no repesentation that she was incapable of rationally conducting her affairs during the twenty-four months immediately following her release from the hospital in early June 1986. We also note that, according to her own testimony, Miss Lord was not hospitalized at any time during this period and did not experience any depressive or manic phases. She further indicated that her two-year cycle of breakdowns, which had been the pattern since 1972, ceased after May 1986. Based upon this evidence, we find no basis for reversing the district court's ruling that the running of the statute of limitations was not tolled pursuant to Va.Code Ann. Sec. 8.01-229.
 
 
 14
 Accordingly, the district court's entry of summary judgment on all of the plaintiff's claims is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 In addition to affirming the district court's decision on the merits of these two claims against Officer Pennington, we also hold that these claims were time-barred for the reasons discussed in the remainder of this opinion
 
 
 [2]
 We note that while the briefs of both the appellant and appellees state that this action was not filed until December 1988, the district court treated April 5, 1988, as the date upon which the false arrest claim was filed. Without expressing any opinion on the question, we have used the date most favorable to the plaintiff for purposes of reviewing the grant of summary judgment